IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                              In Proceedings
                                                    Under Chapter 11
ADVANCE IRON WORKS, INC.,
              Debtor(s).                            BK 12-45833
                                                    United States Bankruptcy Court
                                                    for the Northern District of
                                                    Illinois, Eastern Division

_____

CONTEGRA CONSTRUCTION
COMPANY, LLC,
              Plaintiff(s),
                                                    ADV 13-03017
       v.

ROBERT V. SUTPHEN,
              Defendant(s).

## OPINION

The questions raised in this adversary proceeding are three-fold:  (1) whether a debtor, who is not a party to state court litigation, may utilize the bankruptcy removal statute, 28 U.S.C. § 1452(a), to bring state court litigation before this Bankruptcy Court (the conduit court) (2) whether the conduit court, pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 7087, should transfer this adversary proceeding to a second Bankruptcy Court (the home court) in which the debtor's bankruptcy case is pending; and (3) whether the conduit court should decide if the plaintiff in the state court litigation is barred by the automatic stay of 11 U.S.C. § 362 from pursuing the state court litigation.  Because this Court determines that removal by a non-party is procedurally defective and that remand to the state court under 28 U.S.C. § 1452(b) is appropriate, it need not reach the questions of whether transfer to the home court is warranted on substantive grounds or whether it should consider alleged automatic stay violations.

## The Facts

The facts presented are straightforward.  The debtor, Advance Iron Works, Inc., (Advance), an Illinois corporation, filed a chapter 11 case in the Bankruptcy Court, Northern District of Illinois, Eastern Division (the home court), on November 20, 2012.  That bankruptcy case is still pending.  Robert V. Sutphen is the debtor's Vice President and owns 51% of the debtor's stock.  Prior to its bankruptcy filing, the debtor entered into a contract with Contegra Construction Co., LLC (Contegra), obligating the debtor to fabricate steel for a construction project Contegra was managing in Belleville, Illinois.  A dispute erupted between Contegra and the debtor, with each contending violations of the contract and malfeasance by the other party to the contract.  This dispute resulted in Contegra filing two lawsuits against the debtor and a third against Robert Sutphen.  It is the suit against Robert Sutphen, removed to this Court by the debtor, which concerns the Court today.

Prior to the filing of the bankruptcy case, Contegra had filed suit against the debtor on October 24, 2012, in the Circuit Court of Cook County, Chicago, Illinois.[1]   After the bankruptcy case was filed, Contegra filed an adversary proceeding against the debtor on December 18, 2012, in the Bankruptcy Court, Northern District of Illinois, Eastern Division.[2]   On January 17, 2013, Contegra filed a complaint against Robert V. Sutphen in the Circuit Court for the Third Judicial

---

[1] The Cook County complaint contains the following counts against Advance:
     Count I:  replevin of drawings and materials in Advance's yard;
     Count II:  conversion of materials;
     Count III:  breach of contract;
     Count IV:  unjust enrichment.

[2]   The first amended complaint, filed in the adversary proceeding in the home court, contained the following counts against Advance:
     Count I:  breach of contract;
     Count II:  declaratory judgment (ownership of steel in Advance's yard and of deposit);
     Count III:  fraudulent misrepresentation (fraudulent applications for payment);
     Count IV:  fraudulent misrepresentation (altered stored material log).

     On April 19, 2013, the home court granted  Contegra's request for dismissal with prejudice of Counts III and IV of the first amended complaint.  In the same order, the home court granted Contegra leave to file its second amended complaint containing a Count III for conversion and a Count IV for unjust enrichment.

Circuit, Madison County, in Edwardsville, Illinois.[3]    The summons and complaint were served upon Mr. Sutphen on January 25, 2013, triggering the 30-day period that ended on February 25, 2013, during which a notice of removal could be filed.[4]

Soon after the Sutphen litigation was filed in Madison County, the debtor embarked on efforts to consolidate all matters in the home court in Chicago.  On February 15, 2013, the debtor removed the Cook County case to the home court and, on the same date, the debtor removed the Madison County case to this Bankruptcy Court.  A few days later, on February 21, 2013, the debtor filed the motion at hand, asking this Court to transfer the removed Madison County case from this Court to the home court.  Contegra followed on March 1, 2013, with a response opposing the removal of the Madison County case to this Court, and on March 8, 2013, with a motion to dismiss and remand the removed case to the Madison County Circuit Court.  Thereafter, on March 21, 2013, the debtor objected to Contegra's motion to dismiss and remand the litigation.

Seemingly in an effort to correct any procedural defects, on March 21, 2013, Mr. Sutphen filed a joinder in Advance's motion to transfer.  On March 25, 2013, he filed a consent to removal, well beyond thirty days after service of the summons and complaint, and a joinder in Advance's response opposing dismissal and remand.  He filed a supplemental memorandum in support of the motion to transfer on April 2, 2013.

After oral arguments before this Court on March 26, 2013, the debtor, Mr. Sutphen and Contegra filed several briefs and objections amplifying their arguments.  Of particular note, the

---

[3]  The Madison County complaint contains the following counts against Robert V. Sutphen:
     Count I: fraudulent misrepresentation (fraudulent applications for payment);
     Count II fraudulent misrepresentation (altered stored material log).

[4]  Pursuant to Bankruptcy Rule 9027(a)(3), to be timely, "a notice of removal may be filed . . . only within the shorter of (A) 30 days after receipt . . . of a copy of the initial pleading . . . or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons."  Fed. R. Bankr. P. 9027(a)(3).

debtor raised the issue that the automatic stay of 11 U.S.C. § 362, shielding the debtor in its chapter 11 case, bars the litigation against Mr. Sutphen due to his identity of interest with the debtor. Contegra moved to strike all references to this argument and the debtor responded with a request that the Court deny the motion to strike.

The Arguments

In support of removal, the debtor contends that the debtor, albeit not a party to the Madison County lawsuit, is the real party in interest.  According to this argument, removal by the debtor is not defective due to the identity of interest between the corporation and its officer.  The debtor argues further that removal is proper since the bankruptcy court has "related to" jurisdiction over this adversary proceeding which mirrors the litigation already pending in the home court.  The debtor also asserts that returning the litigation against Mr. Sutphen to state court may harm the debtor due to the preclusive effect a state court determination may have on the litigation against the debtor pending in the home court.

Contegra counters that removal by the debtor is ineffective since only a party may remove a lawsuit and the debtor does not fit that definition.  Contegra points out that the debtor has not moved to intervene in, or to be added as a necessary party to, the removed lawsuit. In addition, Contegra contends that Mr. Sutphen's consent to the removal was untimely.

With respect to transfer, the debtor and Mr. Sutphen argue that the Madison County litigation is "related to" the debtor's bankruptcy case because it is against Mr. Sutphen as an officer of the debtor corporation, its allegations are nearly identical to Counts III and IV of the adversary proceeding pending in the home court[5] and arise from the same facts as the two lawsuits already pending there, and the debtor's bi-laws provide for indemnification of Mr. Sutphen by the debtor.

---

[5]  As discussed above, *supra note 2,* these Counts were dismissed with prejudice on April 19, 2013.

As a result, the debtor and Mr. Sutphen contend that this Court should deny Contegra's motion to dismiss and for remand and transfer the case to the home court. Alternatively, they contend that this Court should transfer the case to the home court and let that court decide if remand is warranted. Finally, they contend that the litigation against Mr. Sutphen is barred by the automatic stay of 11 U.S.C. § 362.

Contegra responds that all transfer arguments are superfluous since the removal of the Madison County lawsuit is defective in the first instance and the case must be remanded. With respect to the question of whether the lawsuit is prohibited by the automatic stay, Contegra contends that the issue is both untimely raised and outside the scope of the matters to be heard by this Court. In addition, according to Contegra, the Court's consideration of the matter is foreclosed by the faulty removal process. Therefore, Contegra has asked this Court to strike all references to automatic stay violations from the debtor's arguments.

<u>Analysis</u>

There are two distinct steps that must be followed to remove and transfer a state court action when the target forum is a bankruptcy court in a district other than the district where the state court action is pending. First, a state court action subject to removal under 28 U.S.C. § 1452(a) must be removed to the district court in the district where the state court action is pending by filing a notice of removal. 28 U.S.C. § 1452(a); Fed. R. Bankr. P. 9027(a)(1).[6] Second, a motion to transfer must be filed requesting the transfer of the litigation to the desired bankruptcy court in the other district. 28 U.S.C. § 1412; Fed. R. Bankr. P. 7087.[7]

---

[6] In this district, the local rules of the District Court provide that motions for removal of cases under 28 U.S.C. § 1452(a) shall be filed with the clerk of the bankruptcy court. SDIL-LR Br1001.1 (Appendix B).

[7] The statute provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Bankruptcy Rule 7087 implements the statute. It provides that "[o]n motion and after a hearing, the court may transfer an adversary

Due to this two-step process, if the threshold step— removal—is flawed, the second step—transfer—becomes a moot point. *See, e.g., Funquest Vacations, Inc. v. Northwest Airlines, Inc. (In re Funquest Vacations, Inc.)*, No. 97-1196, 1998 Bankr. LEXIS 286, at *6 (Bankr. E.D. Pa. Feb. 5, 1998). Therefore, the Court will examine first whether the removal of the Madison County litigation to this Court was procedurally sound. If this Court determines that removal was defective, it need not address the transfer issues raised by the debtor and Mr. Sutphen because remand pursuant to 28 U.S.C. § 1452(b)[8] would be the sole option. *See, e.g., Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995); *Rubel v. Pfizer, Inc.*, 361 F. 3d 1016, 1019 (7th Cir. 2004); *Funquest Vacations, Inc.*, 1998 Bankr. LEXIS 286, at *7-8 and cases cited therein. Here, although the debtor's choice of forum for removal was correct, the issue remains whether a non-party may effect removal under 28 U.S.C. § 1452(a) and whether Mr. Sutphen's consent to removal is able to cure a faulty removal.

Relying on a fundamental rule of statutory construction articulated by the United States Supreme Court in the case of *Lamie v. U. S. Trustee*, 540 U.S. 526 (2004),[9] the Court turns first to the language of the bankruptcy removal statute. That statute provides:

> (a) A **party** may remove any claim or cause of action in a civil
> action . . . to the district court for the district where such civil action is

---

proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2)." Fed. R. Bankr. P. 7087.

[8] Section 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

[9] In *Lamie,* the Supreme Court explained:

> It is well established that 'when the statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms.' *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, (2000) (internal quotation marks omitted) (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) (in turn quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).

*Lamie,* 540 U.S. at 534 (parallel citations omitted).

> pending, if such district court has jurisdiction of such claim or cause
> of action under section 1334 of this title.

28 U.S.C. § 1452(a) (emphasis added).    While Contegra argues that the plain language of the statute prohibits a non-party from effecting removal, the debtor contends that, as the real party in interest, it is free to remove the lawsuit under the governing statute.  Faced with the plain language of § 1452(a), which permits only a party to effect removal, the Court is not swayed by the debtor's argument.

The Court finds the case of *Linnemann v. Post (In re Mission Bay Ski & Bike, Inc.)*, No. 07 A 1045, 2007 WL 4390331 (Bankr. N.D. Ill. Dec. 14, 2007), cited by Contegra, to be definitive. The *Linnemann* case involved a lawsuit in state court brought by the sellers of Mission Bay Ski & Bike, Inc. (Mission Bay) against its purchasers.  Mission Bay itself was not named in the lawsuit, nor served with process, but sought to intervene as a defendant.  Before the state court had ruled on that motion, which it subsequently denied, Mission Bay filed a chapter 11 bankruptcy case and a notice seeking removal of the state court action to the bankruptcy court under 28 U.S.C. § 1452(a), the statute at issue in the instant case.  The plaintiffs in the removed action sought remand on the basis that, *inter alia*, Mission Bay lacked standing since it was not a party to the state court litigation.

The bankruptcy judge agreed that Mission Bay lacked standing to effect removal based on the language of the removal statute, including the definition of a "party" under federal law.  The court determined that "[u]nder federal law, a 'party' to an action is someone who has been named in the complaint and served, *Myles v. United States,* 416 F. 3d 551, 552 (7th Cir. 2005), or at least has been named, *Howell v. Tribune Entm't Co.,* 106 F. 3d 215, 217  (7th Cir. 1997) (stating that service is unnecessary for party status)."  *Id.* at *1.  Upon finding that removal "'is a purely statutory

7

right,'"[10] and that removal statutes must be construed narrowly to avoid infringing on state court jurisdiction,[11] the court held that Mission Bay's status as a non-party was fatal to its removal efforts. *Id.* at *1.[12]

The *Linnemann* court also analyzed and rejected the cases,[13] on which Advance relies, that expand § 1452(a)'s reference to "party" to mean "'something more akin to a 'real party in interest' or one who has a stake in the outcome.'"[14] This Court agrees with the *Linnemann* court that these cases are not persuasive because they ignore the express language of § 1452(a) and allow a non-party to remove an action as long as the bankruptcy court has jurisdiction over the action under 28 U.S.C. § 1334. *Linnemann*, 2007 WL 4390331, at *2-3 (criticizing *Brateman*, 135 B.R. at 856; *Hughes-Bechtol, Inc.*, 107 B.R. at 558; *Wesco Prods. Co.*, 19 B.R. at 909). This has the effect of rendering jurisdiction under § 1334 the sole prerequisite to removal and "read[ing] out of the statute the requirement that a 'party' remove." *Id.* at *2. Moreover, unlike the debtor in *Linnemann* who attempted in vain to join that lawsuit, Advance has not moved to intervene or to join this lawsuit during any stage of the proceedings in state court or in this Court. Since it is not a party to the lawsuit, and has not attempted to become one, it may not avail itself of the removal procedures.

Nor does Mr. Sutphen's consent to the debtor's attempted removal cure the problems inherent in the debtor's notice of removal. Consenting to a flawed process initiated by an entity without standing to proceed does not confer standing on that entity or correct the flaws in the removal process. In fact, neither the debtor nor Mr. Sutphen has explained the purpose served by

---

[10] *Id.* at *2 (quoting *Sheda v. U.S. Dep't of Treasury*, 196 F. Supp. 2d 743, 746 (N.D. Ill. 2002)).

[11] *Id.* (citing *State of Illinois v. Kerr-McGee Chemical Corp.*, 677 F. 2d 571, 576 (7th Cir. 1982)).

[12] *Accord Newman and Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 117 (E.D. N.Y. 2005) (a non-party or one claiming to be a "real party in interest" has no authority to seek removal under the general civil removal statutes, 28 U.S.C. §§ 1441, 1446(a), which vest the right to remove only in a defendant).

[13] *Brateman v. Brateman Bros., Inc. (In re Brateman)*, 135 B.R. 853 (Bankr. N.D. Ind. 1991); *Hughes-Bechtol, Inc. v. Air Enters., Inc. (In re Hughes-Bechtol, Inc.)*, 107 B.R. 552 (Bankr. S.D. Ohio 1989); *Cincinnati Milacron Marketing Co. v. Ramirez (In re Wesco Prods. Co.)*, 19 B.R. 908 (Bankr. N.D. Ill. 1982).

[14] *Linnemann*, 2007 WL 4390331, at *2-3 (quoting *Brateman v. Brateman Bros., Inc.*, 135 B.R.at 856).

his giving consent.  If the consent is intended to constitute a notice of removal, which neither the debtor nor Mr. Sutphen asserts to be the case, it is itself deficient because it was filed outside the 30-day time limit imposed by Fed. R. Bankr. P. 9027(a)(3).

To avert this Court from considering the question of whether remand is appropriate, the debtor relies on several cases that promote "automatic" transfer to a home court.   These cases endorse the proposition that when a conduit court is simultaneously presented with a motion to transfer an action removed to it under § 1452(a) and a motion to remand the action, the action should be transferred to the home bankruptcy court for the decision of whether to remand.  *E.g.*, *George Junior Republic v. Williams,* No. 07-4537, 2008 U.S. Dist. LEXIS 22682, at *14-15 (E.D. Pa. Mar. 19, 2008).  Debtor's reliance on these cases is misplaced, however, since the cases are distinguishable on their facts from the instant case.    None of the cited authority involves a challenge to removal based on a procedural defect such as lack of standing to remove.   Their facts show procedurally sound removal to the conduit court by a party to the litigation,[15] followed by the conduit court's transfer of the case to the home court for the determination of whether to remand based on questions of subject matter jurisdiction under § 1334.  Unlike the instant case, the conduit courts in the cited cases were not faced with procedurally defective removal that impeded transfer and demanded remand by the conduit court.  *E.g., George Junior Republic,* at *16-17 ("[T]he removal was not deficient from a procedural or jurisdictional standpoint.  Thus, the court is not persuaded that any impediment existed as to consideration of  . . . [the] motion to transfer.").  As a result, the cases do not advance the debtor's argument.   Since Advance lacks standing to remove

---

[15]  *Id. at *2-3; Nelson v. First Lenders Indem. Co.*, No. 2:97CV239-B, 1998 U.S. Dist. LEXIS 10794, at *1-3 (N.D. Miss. May 5, 1998); *Thomas v. Lorch (In re Wedlo, Inc.)*, 212 B.R. 678, 679 (Bankr. M.D. Ala. 1996); *Aztec Indus. v. Standard Oil Co. (In re Aztec Indus.)*, 84 B.R. 464, 465-67 (Bankr. N.D. Ohio 1987); *Stamm v. Rapco Foam, Inc. (In re Stamm)*, 21 B.R. 715, 715-17 (Bankr. W.D. Pa. 1982).

the state court action to this Court, the remedy is to remand the litigation to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

The last issue raised is whether the conduit court should decide if Contegra is barred by the automatic stay of 11 U.S.C. § 362 from pursuing the state court litigation against Mr. Sutphen.  In "Debtor's Supplemental Response in Opposition to Contegra's Motion to Dismiss and Remand and in Support of Motion to Transfer Venue," Advance argues that the automatic stay bars Contegra from proceeding with its suit against Mr. Sutphen because of the identity of interest between Mr. Sutphen and Contegra.  Contegra has filed a motion to strike all of Advance's arguments related to this question.  Among the grounds it raises, Contegra asserts that such an argument should not be addressed by this Court because the removal of the state court action by a non-party is defective as a threshold matter.

This Court agrees with Contegra that it should not decide the question of whether the Madison County lawsuit is barred by the automatic stay protecting Advance.   Since it is remanding the improperly removed action to the state court, this Court is not a proper forum for addressing this issue.[16]  Nothing in this Court's opinion and order prevents Advance from directing this question to the home court in which Advance's chapter 11 case is pending.  *See, e.g., Stamm v. Rapco Foam, Inc. (In re Stamm),* 21 B.R. at 724.

<u>Conclusion</u>

For the reasons stated above, this Court grants Contegra's motion to remand this action to the state court and denies the motion of Advance and Mr. Sutphen to transfer it to the home bankruptcy court.  In addition, this Court denies as moot Contegra's motion to strike Advance's automatic stay violation arguments.

---

[16]   As a result of the remand, Contegra's motion to strike Advance's automatic stay violation argument is moot.

See Order entered this date.

ENTERED: May 22, 2013

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE